Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Rumduol Vuong, SBN 264392
Nakkisa Akhavan, SBN 286260
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>  Plaintiff,<br><br>vs.<br><br>ALORICA, INC., and DOES 1-10, inclusive,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT—TITLE VII**<br>• **Sexual Harassment**<br>• **Constructive Discharge**<br>• **Retaliation**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex and to provide appropriate relief to Charging Party Linda Strong and other individuals who were adversely affected by such practices. As set forth with greater particularity in paragraphs 19 to 26 of this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or

-1-

1  "Commission") alleges that Defendant Alorica, Inc. ("Defendant" or "Alorica") subjected Charging Party Linda Strong ("Charging Party") and other adversely employees to sexual harassment during their employment with Defendant. Plaintiff further alleges that Defendant subjected Charging Party and other adversely affected employees to retaliation for engaging in protected activity regarding such unlawful practices, resulting in termination or constructive discharge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and §102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed at Defendant's Fresno and Clovis facilities, which are within the jurisdiction of the United States District Court for the Eastern District of California.

## PARTIES

3. Plaintiff is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §§ 706(f)(1) and (3), Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Alorica has continuously been doing business in Fresno and Clovis, County of Fresno.

5. At all relevant times, Defendant Alorica has continuously been a corporation doing business in the State of California, and continuously had at least 15 employees.

6. At all relevant times, Defendant Alorica has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

7. All acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as

specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

8. Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit, Charging Party Linda Strong filed a charge of discrimination with Plaintiff alleging violations of Title VII by Alorica.

10. Subsequent to Charging Party Linda Strong's filing of the charge of discrimination, the Commission investigated her allegations against Alorica.

11. On July 7, 2017, the Commission issued to Alorica a Letter of Determination finding reasonable cause to believe that Charging Party and other female employees had been subjected to sexual harassment, male employees had also been subject to sex harassment, and other employees had been subjected to retaliation and constructively discharged. The Commission invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

12. The Commission engaged in communications with Defendant in providing Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. On September 1, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

16. Since at least 2012, Defendant has engaged in unlawful employment practices in violation of §§ 703(a) and 704(a) of Title VII, 42 U.S.C. 2000e-2(a) and 2000e-3(a) by subjecting Charging Party and a class of individuals (collectively, "adversely affected employees") who were also subjected to a sexually hostile work environment and to retaliation.

17. At all relevant times, Defendant Alorica has been a company that provides customer services to businesses, including call centers in Fresno and Clovis, California.

18. From at least 2015 to the present, Defendant Alorica has had over 1,000 employees at its facilities in Fresno and Clovis, California.

19. Since at least 2012, Charging Party and other female and male employees have been subjected to ongoing and unwelcome sexual harassment, including but not limited to:

    a. Charging Party was subjected to unwelcome conduct of a sexual nature from a supervisor. This conduct included but was not limited to commenting about the size of his genitals, that he would "pimp slap hoes," commenting on Charging Party's chest and buttocks, and unwanted physical contact wherein the supervisor would pull Charging Party to him and rub her back while whispering in her ear. Charging Party complained to her supervisors and human resources about the sexual harassment but Alorica failed to take appropriate remedial measures.

    b. During her employment with Alorica, Nikole Williams was told by a male team manager that to move up in the company, she would have to have sex with the right person. Ms. Williams was subjected to at least two male team managers making unwelcome and continual comments of a sexual nature, such as wanting to have sex with female employees.

    c. During Stephanie Garcia's employment with Alorica, a male customer service representative exposed and was fondling his genitals to Ms.

-4-

    Garcia. Ms. Garcia was also subjected to harassment by a different male team who brushed his penis against her arm and then asked her to meet him in the restroom. Ms. Garcia was also subjected to unwelcome sexual comments such as the comment by a male supervisor that he wanted to "motorboat" her buttocks. When Ms. Garcia complained about the harassment to her supervisor and Alorica's human resource personnel, her complaint were not taken seriously and Alorica failed to take appropriate remedial measures.

  d. Other female employees were also subjected to unwelcome and ongoing comments of a sexual nature by their male supervisors and co-workers, such as being asked if they would "suck his dick," telling female employees that they had "take me to the bedroom type look," asking female employees if they wanted to have sex, comments about their breasts and looks, continually being asked out, and comments about male genitals.

  e. Other female employees were also subjected to unwanted physical touching of a sexual nature by their male supervisors and co-workers, including but not limited to grabbing their buttocks, leering, touching their thighs, rubbing a soda bottle against their rib cage after having rubbed the same bottle against the male supervisor's genitals, and brushing up against their breasts.

  f. Male employees were also subjected to unwelcome and ongoing comment of a sexual nature by their female supervisors and co-workers, such as comments on their physical appearance and being asked to go out of town to a social event with the female supervisor.

20. The harassment was sufficiently severe or pervasive to alter the conditions of Charging Party's and other adversely affected employees' employment and created a sexually hostile work environment. Charging Party and other adversely affected employees reasonably

1  perceived their work environment to be sexually abusive or hostile work environment, resulting
2  in Charging Party and/or some of the adversely affected employees having to take days off due
3  to the stress and anxiety caused by the sexually hostile work environment.

4      21.    Charging Party and the other adversely affected employees did not welcome the
5  sexual harassment by their supervisors, and/or co-workers. Charging Party and the other
6  adversely affected employees demonstrated that the sexual harassment was not welcome which
7  included, but was not limited to, voicing their objections or dislike for the sexually harassing
8  conduct, complaining to Alorica's human resource personnel and/or their supervisors, and in the
9  case of Charging Party filing a Charge of Discrimination with the EEOC.

10      22.    Defendant Alorica knew or should have known of the sexual harassment of
11  Charging Party and the other adversely affected employees because the sexual harassment was
12  constant and perpetrated by a large number of supervisors and/or coworkers. Furthermore,
13  Charging Party and other adversely affected employees complained about the sexual harassment
14  to their supervisors, Human Resources, and/or to the EEOC, which then notified Defendant
15  about the complaints.

16      23.    Once Defendant knew or should have known of the sexual harassment of
17  Charging Party and other adversely affected employees, Defendant failed to take prompt and
18  effective remedial action reasonably calculated to end the harassment. Defendant's failures
19  included, but was not limited to: failing to conduct an adequate investigation in response to the
20  complaints, failing to adequately discipline harassing supervisors and/or coworkers, failing to
21  follow complaint procedures and take sexual harassment complaints seriously, and actively
22  deterring employees from making sexual harassment complaints.

23      24.    Charging Party and adversely affected employees did not unreasonably fail to
24  take advantage of any preventive or corrective opportunities by the employer or unreasonably
25  fail to otherwise avoid harm. The working environment deterred complaints of sexual
26  harassment. Despite the obstacles, numerous complaints were made by Charging Party and other
27  adversely affected employees to supervisors, managers, Human Resources, and/or the EEOC,
28  which then notified Defendant of the complaints.

25. Defendant Alorica retaliated against employees who engaged in activity protected by Title VII including, but not limited to, rejecting and/or complaining about sexual harassment. As a result of engaging in such protected activity, adversely affected employees were subjected to adverse employment actions such as being discharged after rejecting a manager' request to go out on a date outside of work.

26. For some employees, the sexual harassment and retaliatory conduct resulted in their constructive discharge because of the intolerable working conditions created by the hostile work environment. For example, a number of female employee were forced to resign because of their work-related anxiety, depression, and/or digestive issues that manifested due to the sexual harassment.

27. The effect of the practices complained of in paragraphs 19 to 26 above has been to deprive Charging Party and other adversely affected individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

28. The unlawful employment practices complained of in paragraphs 19 to 26 above were intentional and caused Charging Party and adversely affected employees to suffer emotional distress.

29. The unlawful employment practices complained of in paragraphs 19 to 26 above were and are done with malice or with reckless indifference to the federally protected rights of Charging Party and other adversely affected individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, their officers, successors, agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with each of them, from engaging in sexual harassment, retaliation, and any other employment practices which discriminate based on sex.

B. Order Defendant to institute and carry out policies, practices, and programs to ensure which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

1        C.     Order Defendant to make whole Charging Party Linda Strong and other adversely affected employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to back pay, reinstatement, or front pay in lieu thereof.

        D.     Order Defendant to make Charging Party Linda Strong and other adversely affected employee whole by providing compensation for past and future pecuniary losses, including but not limited to out-of-pocket expenses suffered by him which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

        E.     Order Defendant to make Charging Party Linda Strong and other adversely affected employees whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial. The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

        F.     Order Defendant to pay Charging Party Linda Strong and other adversely affected employees' punitive damages for its malicious and/or reckless conduct in an amount to be determined at trial.

        G.     Award the Commission its costs of this action.

        H.     Grant such further relief as the Court deems necessary and proper in the public interest.

///
///
///
///
///
///
///
///

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 22, 2017                    Respectfully Submitted

JAMES LEE,
Acting General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By: _____
ANNA Y. PARK,
Regional Attorney,
Los Angeles District Office
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION