Anna Y. Park, SBN 16424
Sue J. Noh, SBN 192134
Rumduol Vuong, SBN 264392
Lorena Garcia-Bautista, SBN 234091
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1108
Facsimile: (213) 894-1301

Attorneys for Plaintiff
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

MICHAEL J. NADER, SBN 200425
michael.nader@ogletree.com
CHAMBORD V. BENTON-HAYES SBN 278970
chambord.benton-hayes@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Esquire Plaza
1215 K. Street, 17th Floor
Sacramento, CA 95814
Telephone: (916) 840-3150
Facsimile: (916) 840-3150

Attorneys for Defendant
ALORICA, INC.

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ALORICA, INC., and DOES 1-10, inclusive,<br><br>Defendants. | No. 1:17-cv-01270-LJO-SKO<br><br>**CONSENT DECREE**<br><br>Honorable Lawrence J. O'Neill<br>U.S. District Judge |

## I.     INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant Alorica, Inc. (hereinafter "Defendant") hereby stipulate and agree to entry of this Consent Decree ("Decree" or "Agreement") to resolve the Commission's

Complaint, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The EEOC alleges Defendant engaged in unlawful employment practices by subjecting Charging Party and other individuals to a sexually hostile work environment and/or retaliation in violation of §§703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a), 2000e-3(a). Defendant denies all of the allegations in the Complaint.

## II.     PURPOSES AND SCOPE OF THE CONSENT DECREE

In the interest of resolving this matter, the Commission and Defendant (hereinafter "the Parties") have agreed that this action should be finally settled by entry of this Decree. This Decree shall be binding on and enforceable against Defendant and its officers, directors, agents, successors and assigns. Other than as expressly stated herein, the scope of this Decree is Alorica's locations company-wide in the United States, except where the Parties expressly state the Decree is to be limited to the following two California call center facilities: (a) Defendant's call center in Fresno, California, located at 5104 N Blythe Ave, Fresno, CA 93722, and (b) Defendant's call center in Clovis, California, located at 170 W Shaw Ave, Suite B, Clovis, CA 93612 ("California facilities"). The Parties have entered into this Decree for the following purposes:

A.     To provide appropriate monetary and injunctive relief;

B.     To ensure that Defendant's employment practices comply with Title VII;

C.     To ensure that Defendant's work environment is free from sex harassment and related retaliation;

D.     To ensure training for Defendant's managers, supervisors, team managers, human resource and other employees with respect to their obligations and rights under Title VII;

E.     To review and update Defendant's procedures for handling harassment and retaliation complaints;

F.     To provide an appropriate and effective mechanism for receiving and handling discrimination, harassment and retaliation complaints in Defendant's workplace; and

G.     To avoid the time, expense, and uncertainty of further litigation.

**III.     RELEASE OF CLAIMS**

A.     The Parties agree that this Decree completely and finally resolves all claims made in the EEOC's Complaint filed in this action in the United States District Court, Eastern District of California on September 22, 2017, captioned *U.S. Equal Employment Opportunity Commission vs. Alorica, Inc., and DOES 1-10, Inclusive*; Case No. 1:17-cv-01270-LJO-SKO (hereafter "Action") and the Charge of Discrimination filed against Alorica, Inc. by Monica Horta (EEOC Charge No. 37A-2018-01394-C and DFEH No. 201801-00777712).  The Parties also agree that this Decree completely and finally resolves all claims by all Claimants that are identified in the EEOC's Distribution List (as defined herein) that could arise out of the allegations in the Complaint, through the Effective Date of this Decree as defined herein.

B.     Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendant fails to comply with the terms this Decree.

C.     Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

D.     This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant other than the claims brought in this Action.

**IV.     JURISDICTION**

A.     The Court has jurisdiction over the Parties and the subject matter of this Action. The Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

B.     The terms and provisions of this Decree are fair, reasonable and just.

C.     This Decree conforms to the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any person.

D.     Entry of this Decree will further the objectives of Title VII and will be in the

best interest of the Parties.

E.    The Court shall retain jurisdiction over this Action for the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to fully implement the relief provided herein.

## V.    EFFECTIVE DATE AND DURATION OF DECREE

A.    The provisions and agreements contained herein are effective immediately on the date on which this Decree is entered by the Court ("Effective Date").

B.    Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.  However, the duration of this Decree can sunset in two (2) years after the Effective Date if the EEOC decides so based on the External EEO Monitor's recommendation to the Commission that the additional year is not necessary and that the Defendant has achieved measurable results to invoke the sunset provision. The EEOC has sole discretion to decide on whether the Decree can sunset in two (2) years.  The External EEO Monitor shall submit a report to the EEOC addressing whether the Decree should sunset 30 days prior to the 2nd year of the Decree's Effective Date as set forth above.  The Report shall also provide whether all the intended changes were accomplished to justify the Decree to sunset or whether additional time is needed to achieve the results intended under the Decree. Defendant shall make available information sought by the Monitor to make the assessment.

## VI.    COMPLIANCE AND DISPUTE RESOLUTION

A.    If the Commission determines that Defendant has failed to comply with any provision of this Decree, the Commission may bring a motion before this Court to enforce the Decree.  Before filing such a motion, however, the Commission shall notify Defendant of the nature of the dispute.  This notice shall specify the particular provision(s) with which the Commission believes Defendant has failed to comply.  Absent a showing that the delay will cause irreparable harm, Defendant shall have thirty (30) days from the date of notice ("Dispute Resolution Period") to attempt to comply with the particular provision(s) identified by the Commission and/or cure any technical violation.

B.     The Parties agree to cooperate with each other and use their best efforts to resolve any dispute raised by each Party.

C.     Where there is a showing that completion of a Dispute Resolution Period will cause irreparable harm, the Commission may immediately initiate an enforcement action in this Court, seeking all available relief, including an extension of the duration of the Decree. Where there is no such showing, the Commission may initiate an enforcement action after the expiration of the Dispute Resolution Period.

## VII.   MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each Party.

B.     If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes.  If the Parties are unable to reach agreement, the Court shall order the appropriate alternative provisions necessary to effectuate the purposes of the Decree.  Should one or more provisions of this Decree be deemed unlawful, all other provisions shall remain in full force and effect.

## VIII.  MONETARY RELIEF

A.     In settlement of this lawsuit, Defendant shall pay a total of $3,500,000.00 ("Total Settlement Amount")  in monetary relief.   Within ninety (90) days of the Effective Date of this Decree, Defendant shall deposit the Total Settlement Amount into an escrow account (the "Fund") and provide the EEOC with written verification of the funding within ten (10) business days thereafter.  EEOC shall retain sole discretion to determine who is an eligible claimant and the amounts to be distributed from the Fund.

B.     The Fund shall be distributed, at the sole discretion of the EEOC, amongst the Claimants to this Action that the EEOC has identified in its Distribution List(s) ("Claimants")

as provided in this Article VIII.  The EEOC shall provide Defendant and the Claims Administrator with a Distribution list(s) identifying each identified Claimant's portion and amount of the monetary relief, and the name and address to which each identified Claimants' portion and amount of monetary relief shall be delivered.  All individuals on the Distribution List(s) will be sent a release (which is Exhibit A to this Decree).  The Claims Administrator shall send a check, via first class mail, to each Claimant on the Distribution List(s) in the amount specified within the time period in the following Section.  Verification of payment shall be given to the EEOC by the Claims Administrator.

    C.     Claims Administrator

        1.     Within thirty (30) days of the Effective Date, Defendant shall appoint a specific professional individual or organization ("Claims Administrator"), approved by the EEOC, to oversee the distribution  of the Fund to Claimants as designated by the EEOC pursuant to this Decree.  If the Claims Administrator initially appointed by Defendant thereafter declines to serve or to carry out its duties under this Decree, Defendant shall have ten (10)  business days to notify the EEOC in writing of the need for a replacement Claims Administrator, and the Defendant shall select a replacement.

        2.     Defendant shall pay all costs associated with the selection and retention of the Claims Administrator as well as the performance of the Claims Administrator's duties under this Decree.

    D.     Claims Notice Process

        1.     Within thirty (30) days after the Effective Date, the Defendant shall provide to the Claims Administrator a list of all current and former employees at the California facilities who worked for Defendant from August 1, 2014 to the date the Claims Administrator receives the list ("Potential Claimant") with last known addresses and other identifying information to assist in reaching the individuals for this process.

2.    After receiving the Potential Claimant List, within ninety (90) days thereafter, the Claims Administrator shall do the following for any potential Claimant:

    a.  The Claims Administrator shall determine the validity of each Potential Claimant's most-recent address utilizing the National Change of Address Database or an equivalent database to determine the most current address for each potential claimant from the list provided by the Defendant.

    b.  The Claims Adminstrator will then send to potential Claimants the Questionnare and Notice (jointly referred to as the "Notice") that is attached as Exhibit B.  The Claim Adminstrator can provide the notice via mail and also develop an online claims process.

3.    The mailed notice shall have instructions on how to file a claim online or via mail with the claims administrator. The Claims adminstrator shall create an online claims process that will be accessible to both defendants and the EEOC.

    a.  The Claims Administrator shall:

    b.  Provide to the EEOC certification that the Claims Administrator mailed the Notice to each potential Claimant

    c.  Instruct the USPS to notify the  Claims Administrator of any undeliverable Notices.

    d.  Should any letters be returned undeliverable, within twenty (20) days of any Notice being returned to sender as undeliverable, the Claims Administrator shall:

        i.  research such potential Claimant's most-recent address and further use its best efforts, including a search of a database such as Accurint, to locate the individual,

7

if the Claims Administrator finds a more recent address for any such employee, resend the Notice to the new address; and/or if the Claims Administrator fails to find a more recent address for any such individual, the Claims Administrator shall, within thirty (30) day intervals following the re-mailing of the Notice provide to the EEOC information outlining efforts to locate the potential Claimants. Defendant shall also provide the Claims Administrator electronic mail addresses for these individuals and the Claims Administrator shall send Notices via electronic mail addresses. The Claims Administrator will work with the EEOC to ensure that information relating to Potential Claimants is communicated on an ongoing basis. The EEOC shall make reasonable and good faith efforts to complete the Notice Process within twelve (12) months following the Effective Date of this Decree.

E.      Claims Distribution Process

At sixty (60) days after mailing all of the Notices to the potential Claimants, the Claims Administrator shall forward to the EEOC any responses from potential Claimants received. All responses shall be provided to the EEOC on a rolling basis. The Claims Administrator shall provide the EEOC electronic access to the claims filed on-line and the paper responses. Based on responses to the Notice, the EEOC will (a) determine the eligibility of each potential Claimant to participate in the settlement Fund by evaluating the nature of the claims made by each potential Claimant and determining their tier of eligibility for monetary relief from the Fund, and (b) determine each potential Claimant's eligibility as a Reinstatement Candidate as defined herein. The EEOC shall have the sole discretion to determine eligibility and any designated amount of the Fund to be distributed to each Claimant.

1    1. The EEOC shall endeavor to issue an initial Distribution List which includes
the names of all Claimants the EEOC determines to be eligible for payments
from the Fund to Defendant and the Claims Administrator.  All Claimants on
the Distribution List will be sent the release of claims form by the Claims
Adminstrator. (Exhibit A) .  If the EEOC determines any circumstance will
cause a potential Claimant inequity, the EEOC may issue a subsequent
Distribution List.

2. The Claims Administrator will notify the potential Claimants of their
selection as Claimants as determined by the EEOC and mail the release of
claims (Exhibit A) to them for signature and return to the Claims
Adminstrator

3. Once the Claims Adminstrator receives the signed releases from those
identified on the Distribution List(s), the Claims Administrator shall direct
the escrow agent within ten (10) days to forward a check from the Fund via
first class mail in the full amount set forth in the Distribution List for each
Claimant.  Each check will remain valid for 180 days. To the extent the
checks need to be reissued, the parties will communicate with the Claims
Administrator if such a need arises. At least every thirty (30) days after the
Claims Administrator issues checks pursuant to the Distribution List, the
Claims Administrator shall provide the EEOC with a copy of each canceled
check, and identify any check not negotiated and/or returned non-negotiated
to the Claim Administrator, to enable the Parties to track remaining funds for
redistribution. The Claims Administrator will also notify the EEOC of
anyone who has not filled out a release. The Claims Administrator and the
EEOC will work together with respect to reissuance of checks to achieve
equitable results.

4. The EEOC may subsequently amend the Distribution List as necessitated by
further notice from the  Claims Administrator that any check issued to an

identified Claimant was not negotiated within 180 days after issuance and/or was returned non-negotiated to the Claims Administrator.

5. On a quarterly basis throughout the duration of this Decree, the Claims Administrator will notify the EEOC of any funds remaining in the Fund and who has not claimed the money.

6. The EEOC may subsequently issue additional Distribution Lists, as necessitated by further notice from Defendant or its Claims Adminsitrator that any check issued to a Claimant was not negotiated after issuance and/or was returned non-negotiated to Defendant or its Claims Administrator. The EEOC shall make reasonable and good faith effort to provide the last Final Distribution List no later than twelve months after the Effective Date, and shall include, in addition to any additional Eligible Claimants to be paid, any additional amounts to be remitted to Claimants previously paid. No further Final Distribution Lists shall be issued by the EEOC after this last Final Distribution List is provided to the Claims Administrator.

7. Within thirty (30) days after the EEOC's final distribution list, the Claims Administrator shall direct the remaining amount in the Fund to the National Women's Law Center. Defendant shall provide the EEOC with a copy of any check issued to the above-mentioned charity.

IX. **CLAIMANT SPECIFIC INJUNCTIVE RELIEF**

Within ninety (90) days of the date that the EEOC notifies Defendant of the names on the Distribution Lists, Defendant shall:

A. remove from the personnel files of each Claimant any references to the charges of harassment filed against Defendant or the Claimant's participation in this Action;

B. to the extent that Defendant must keep records of the charges of discrimination or any Claimant's involvement in the Action in order to effectuate this Decree, such records must be maintained separately from Claimants' personnel files;

C.    refrain from providing negative references about Claimants, and only a Defendant-designated representative can provide the neutral employment reference, which is limited to verifying whether the Claimant was employed by Defendant, the last position in which the Claimant was employed, and the duration of employment with Defendant.  The Claims Administrator shall provide a notice to each person on the Distribution List(s) of the Company's verification number that instructs the person to only use that number for references.

D.    to the extent that a Claimant continues to work for Defendant, ensure that the Claimant does not suffer sex harassment or related retaliation;

E.    reclassify the terminations of any Claimant to voluntary resignations if they have been identified by the EEOC as being subjected to retaliation (based on a list provided by the EEOC); and

F.    ensure that the Claimants are not prohibited from re-employment with Defendant, as long as the Claimant was not terminated by Defendant for a violation of Company policy or other misconduct and such alleged violations were not pretext for retaliation against the Claimant.

G.    <u>Reinstatement</u>

1.    The  Notice shall notify Potential Claimants of potential eligibility for reinstatement and request Potential Claimants to indicate interest, if any, in reinstatement if eligible.

2.    Defendant's Claims Administrator shall forward to the EEOC all individuals who have expressed an interest in reinstatement within 10 days of receipt.  The selection of reinstatement candidates shall be based on the following: EEOC shall make a determination, based on the Claims Form and any other available information, of whether the individual is eligible for reinstatement and the EEOC shall provide to Defendant a list of potential reinstatement candidates,

3.    After Defendant's receipt of the EEOC's list of potential Reinstatement

Candidates, Defendant's personnel shall contact each person to assess: (i) in what position(s) and at what locations they want to return to work; (ii) when they would be able to return and their availability to work particular days and shifts; and (iii) information Defendant seeks from regular applicants for the same or similar positions. Defendant's personnel shall also notify Reinstatement Candidates of the rate of pay that would apply to the vacant position.

4. The Reinstatement Candidates may be required to complete appropriate forms, including an application to provide the information described above which will require the approval of the EEOC. Based on information gathered from the potential Reinstatement Candidates, Defendant's personnel shall determine whether each potential candidate is a candidate for reinstatement and process the Reinstatement Candidates for rehire into vacant positions. Such review may include whether the candidate is disqualified from reinstatement due to violations of Company policy or other misconduct as long as such review is consistent with Title VII.

5. Defendants shall maintain throughout the duration of this Decree, a Reinstatement Log, listing: 1) each potential reistatement candidates along with vacancies identified at the time; 2) whether such candidate is conditionally offered employment by position and location; 3) whether the candidate is rejected as a Reinstatement Candidate and a brief description of the reasons for the rejection; 4) if an offer to the Reinstatmeent Candidate has been revoked or Defendant failed to convey the offer and the reasons for such revocation; and 5) whether the Reinstatement Candidate was placed into a vacant position with a start date or if the Candidate was placed on a waitlist. Defendant may maintain this Reinstatement Log through excel or any other format and shall make available the Reinstatement Log to the EEOC on a monthly basis from ninety (90) days after Defendants' receipt of the EEOC's list of potential Reinstatement Candidates and then on a quarterly basis after one year of the Effective Date or until all Reinstatement Candidates have been offered a vacant position, whichever is earlier.

6. If, upon evaluation of the Reinstatement Log, the EEOC does not agree

with Defendant's determination that a potential candidate is not a Reinstatement Candidate or with any other matter on the Reinstatement Log, the EEOC may request further information including documentation and information from Defendant and its Claims Administrator. The Parties will attempt to meet and confer to discuss any issues related to the candidates. In the event of a dispute concerning Defendant's selection of Reinstatement Candidates, EEOC can avail itself of the compliance procedures set forth in Section VI, above. During the dispute, the Defendant shall keep the vacant position open for a total of ten (10) business days, after which Defendant may fill the positon with another candidate. After the dispute is resolved, and if it is resolved in favor of reinstatement, the Defendant shall provide the next vacant postion to the Reinstatement Candidate.

7. The Reinstatement Candidate shall be offered the same or substantially similar job that he or she held immediately prior to the termination of employment, if such position is available at the time reinstatment is offered. If the reinstated Claimant is later involuntarily terminated by Defendant during the term of this Decree, Defendant shall notify the Commission with the reason(s) for such termination within ten (10) business days after the termination date.

8. The Parties agree that Defendant's obligations under this Reinstatement process shall continue until all of the Reinstatement Candidates have been offered a vacant position they applied for, or until the end of the term of this Decree, whichever date occurs first. This Decree does not require Defendant (a) to create new positions for reinstatement, or (b) pay any relocation expenses for any Reinstatement Candidate. This Decree requires Defendant to offer reinstatement to vacant positions.

## X.  GENERAL INJUNCTIVE RELIEF

### A.  Non-Harassment and Non-Retaliation

#### 1.  *Non-Harassment*

Defendant, its directors, officers, agents, management (including all supervisory and team manager employees), successors, assigns, and all those in active concert or participation

with them, or any of them, shall be enjoined from engaging in employment practices in violation of Title VII's prohibitions of sex harassment and related retaliation. Such employment practices include:

(a) sex harassment in violation of Title VII; or

(b) creating, facilitating, or permitting a hostile work environment in violation of Title VII on the basis of sex.

2. *Non-Retaliation*

Defendant, its directors, officers, agents, management (including all supervisory and team manager employees), successors, assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from engaging in, implementing, or permitting any action, policy or practice that retaliates against any current or former employee or applicant because he or she has:

(1) opposed any practice that he or she believed to be harassing based on sex, or related retaliation;

(2) filed a charge with the EEOC alleging such a practice;

(3) testified or participated in any manner in any investigation (including any internal investigation undertaken by Defendant), proceeding in connection with this case and/or relating to any claim of a Title VII violation based on sex harassment or related retaliation;

(4) was identified as a possible witness or claimant in this Action;

(5) asserted any rights under this Decree; or

(6) sought and/or received any relief in accordance with this Decree.

B. Posting

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Defendant shall post the notice (attached as "Exhibit C") of the terms of this Decree in clearly visible locations frequented by its employees at its California facilities. The postings

shall remain posted for the duration of this Decree.

C.    Outside Equal Employment Opportunity Monitor

Within thirty (30) days after the Effective Date, Defendant shall retain an outside monitor to serve as the Equal Employment Opportunity's External Monitor ("Monitor") to provide guidance to and oversight over the Defendant's Internal Equal Employment Opportunity Consultant (" Internal Consultant"), as described below, in monitoring Defendant's compliance with this Decree and Title VII's prohibition on sexual harassment and related retaliation. The Monitor's responsibilities shall be to provide guidance and oversight on the company-wide audits outside of California, the sunset provision of this Decree, and provide guidance and oversight of the Internal Consultant, particularly with respect to the training materials, and the 800 number hotline outside of California. Additionally, the Monitor may exercise his/her discretion to review investigations for sexual harassment or related retaliation outside of California as part of developing an audit plan outside of California. The Monitor shall have access to all documents related to compliance with this Decree upon the Monitor's request and communicate with the EEOC on the Defendant's progress and compliance under the Decree.

Where the Monitor is unable to perform the role, Defendant shall have an additional thirty (30) days after such notice to identify and retain an alternate Monitor. The Monitor shall have demonstrated experience in the area of employment discrimination and sex harassment issues. If the Monitor is unable or unwilling to serve at any point during the duration of the Decree, Defendant shall propose a new Monitor subject to EEOC's approval. Defendant shall bear all costs associated with the selection and retention of the Monitor and the performance of the Monitor's duties.

D.    Internal Equal Employment Opportunity Consultant

Within thirty (30) days after the Effective Date, Defendant shall designate an Internal Equal Employment Opportunity Consultant (" Internal Consultant") to ensure Defendant's compliance with this Decree and the provisions of Title VII that prohibit sexual harassment

and related retaliation at its California facilities. However, if Consultant is determined to be unable to perform the role, Defendant shall have an additional thirty (30) days after the original deadline to identify and retain an alternative Consultant. The Consultant shall have demonstrated experience in the area of employment discrimination and sex harassment issues. If the Consultant is unable or unwilling to serve at any point during the duration of the Decree, Defendant shall propose a new Consultant subject to EEOC's approval. Defendant shall bear all costs associated with the selection and retention of the Consultant and the performance of the Consultant's duties. For the term of the Decree, the Consultant's responsibilities shall include:

1.    Reviewing and/or revising Defendant's policies and procedures, including its complaint procedures relating to sexual harassment and related retaliation to ensure that they fully comply with Title VII and all the requirements set forth in this Decree;

2.    Ensuring that all employees in Defendant's California facilities, including management, supervisory, and human resources employees, are trained regarding their rights and responsibilities under Title VII and this Decree, including the responsibility to provide a workplace free of sexual harassment and related retaliation;

3.    Ensuring that all employees in Defendant's California facilities, including management, supervisory, and human resources employees, are trained on Defendant's revised policies and procedures relating to discrimination, harassment and retaliation;

4.    Ensuring that all of Defendant's human resources employees at its California facilities have the skill level to effectuate the requirements of Title VII and of this Decree;

5.    Conducting investigations at the California facilities of all complaints of sexual harassment and related retaliation, to ensure compliance with Title VII and this Decree;

6.    Ensuring that Defendant properly communiates with complainants of sexual harassment and related retaliation at its California facilities;

7.      Ensuring that Defendant creates a centralized system of tracking sexual harassment and related retaliation complaints, as required by this Decree;

8.      Ensuring that Defendant's performance and discipline policies hold employees and managers, including human resource personnel, accountable for failing to take appropriate action regarding complaints of harassment based on sex, and related retaliation, as prohibited under Title VII or this Decree;

9.      For the California facilities, conducting a review (or evaluating a recently completed review) of prior complaints of sexual harassment and/or retaliation made in the 300 days prior to the Effective Date to provide guidance to Defendant on the handling of these prior complaints and determine whether there has been any potential improvements in Defendant's response to these complaints.

10.      Conducting audits, as described in Section X.E below, to ensure that Defendant's employees, managers, supervisors, and team managers are held accountable and to reinforce Defendants' zero tolerance policy with respect to sexual harassment and related retaliation;

11.      Conducting additional reviews, and/or exit interviews and/or surveys, of Defendant's personnel at its California facilities to follow up on any identified claims of  sex harassment and related retaliation as deemed appropriate by the Consultant.

12.      Preparing an annual report on Defendant's compliance with this Decree and Title VII's prohibitions of sexual harassment and related retaliation;

13.      Ensuring that Defendant accurately compiles and timely submits all reports required by this Decree;

14.      Monitoring the Claimants (and the two witnesses identified by the EEOC) who worked in the California facilities and participated in this Action, and who continue to be employed by Defendant to ensure that they have not been subjected to any sexual harassment and related retaliation.  The Consultant shall contact these individuals at least every three (3) months;

15.     Ensuring that Defendant's Human Resources has an open door policy, and is easily accessible to the employees at its California facilities;

16.     Measuring how timely investigations are being conducted at the California facilities, and how effective are such investigations of complaints of sexual harassment and related retaliation;

17.     Assessing and measuring if employees at Defendants' California facilities are understanding the equal employment opportunity training(s) (as required below) and effectiveness of such training(s);

18.     Ensuring that Defendant monitors employees who have been alleged to have engaged in harassing conduct and takes appropriate corrective action as needed to prevent future harassment; and

19.     Further ensuring Defendant's compliance with the terms of this Decree.

E.     EEO Compliance Audits

1.     Non California Facilities

With respect to Defendant's facilities in the United States, excluding California, the Monitor shall create and implement a plan for conducting audits.  The Monitor will work with Defendant and the Internal Consultant to assess how best to identify if there are issues of harassment and related retaliation occurring at the other facilities nationwide in the United States and how best to address them. A plan will be developed by the Monitor which will be shared with the EEOC with a timeframe.  The Monitor shall have access to all data and information to ensure that the Monitor's plan is developed and executed.  Defendants shall provide in their annual reporting to the EEOC, confirmation that the Monitor's plan was implemented and the progress of the plan. The Monitor shall report to the Consultant  on any issues that arise, specifically if there are impediments to the implentation of the Monitor's plan.  The Monitor will communicate with the Consultant on the progress and if there are issues impeding his/her duties on a semi-annual basis for the term of the Decree beginning from the Effective Date.  If the Monitor and the Consultant are not able to resolve these issues,

the Monitor and Consultant shall consult with the EEOC.

2.      California Facilities

With respect to Defendant's California facilities, the Internal Consultant shall conduct in person annual unannounced audits to ensure that team managers, supervisors, and team managers are held accountable and to encourage employees to report suspected sexual harassment and related retaliation. The Internal Consultant shall speak with hourly employees and ensure compliance with policy prohibiting sexual harassment and related retaliation. The Internal Consultant shall work with the Monitor and share the results.

To seek employee input, the audits will be conducted outside the presence of management, supervisors, and team managers, without any onsite team manager or supervisors' advance knowledge of the audit. Audits will be accompanied by a full report about employee feedback. If the audit responses indicate potential misconduct that may be in violation of Defendant's policies that prohibit sexual harassment and related retaliation, the Consultant will further investigate the matter and Defendant will address the matter with prompt and effective remedial action as required and based on findings of the Consultant.

The results of the audits with respect to Defendant's California facilities shall be evaluated by the Consultant and submitted to the EEOC in the annual report as set forth below.

F.      Policies Concerning Discrimination, Harassment and Retaliation

1.      Within one hundred and twenty (120) days after the Effective Date, Defendant shall draft (or review and then revise) its policies and procedures on discrimination, harassment and retaliation ("Final Policy") as described below. The policy requirements in this Section F apply to the Defendant's U.S. facilities.

2.      The Final Policy shall include:

(a)  a clear explanation of prohibited conduct in violation of Title VII,
       including on the basis of sex, including examples;

(b)  a complete copy of the final internal complaint procedure decribed

below in sub-section G.

3.	The Final Policy shall also include assurance that Defendant shall:

(a)	hold all employees, including management, supervisory, team manager and human resources employees, accountable for engaging in conduct prohibited under Title VII or this Decree;

(b)	hold all management, supervisory, team manager and human resources employees accountable for failing to take appropriate action to address discrimination, harassment, or retaliation and must clearly state that management's failure to adhere to the reporting steps will be subject to discipline.  In addition, the Final Policy shall clarify what steps management must take if they witness and/or become aware of complaints of discrimination, harassment, or retaliation; and

(c)	state that Defendant has a zero-tolerance policy with respect to discrimination, harassment, and retaliation.

G.	Discrimination, Harassment and Retaliation Complaint Procedure

1.	Within one hundred and twenty (120)  days after the Effective Date, Defendant shall draft, or review and revise, its internal complaint procedure as described below.  The Complaint Procedure requirements in this Section G apply to Defendant's U.S. facilities.

2.	The internal complaint procedure shall clearly state that:

(a)	an employee who believes that he or she has suffered discrimination, harassment or retaliation may file an internal complaint using Defendant's internal complaint procedure, or may file an external complaint to any appropriate person or agency, or both;

(b)	employees may initiate an internal complaint verbally or in writing to any appropriate person, and no special form is required;

(c)	Defendant shall not tolerate retaliation against any employee for

use of the internal complaint procedure or any external complaint procedure, for assisting in the investigation of a complaint or for otherwise assisting in a complaint;

(d)     the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available municipal, state, or federal law.  The procedures shall provide contact information for EEOC and state and local Fair Employment Practice (FEP) agencies; and

(e)     if an allegation of a violation of Defendant's policy prohibiting sexual harassment or retaliation is substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

3.     The internal complaint procedure shall lay out Defendant's responsibilities, including requirements that Defendant will:

(a)     maintain the confidentiality of the complaint, complainant and investigation to the fullest extent possible;

 (b)     take every reasonable step to promptly resolve complaints;

(c)     promptly commence a thorough investigation that shall be conducted by a person trained to conduct such investigations;

(d)     interview all relevant witnesses, including the complainant, and review all relevant documents;

 (e)     communicate with the complainant (preferably in writing) regarding the status of the complaint, investigation, results of the investigation, and that appropriate  action that was taken, giving the complainant the opportunity to respond; and

(f)     track investigations and maintain written records of all investigatory steps, any findings or conclusions of the investigation and any remedial actions taken;

4. The internal complaint procedure shall also include a notice to the complainant to contact the Consultant with complaints about the results of an internal investigation of sexual harassment and related retaliation.

5. The internal complaint procedure shall NOT require that the complainant:

      (a)    confront his or her harasser;

      (b)    file an internal complaint instead of an external complaint; or

      (c)    initiate the complaint process only by submitting a written complaint.

6. Defendant shall confidentially follow-up with every internal complainant six months and twelve months after final resolution of the complaint to inquire whether the complainant believes that he or she has been further sexually harassed and/or retaliated against, and, if necessary, Defendant shall investigate any allegations of related retaliation.

7. Defendant shall continue the use of a toll-free complaint hotline ("Hotline") and continue to disseminate the information regarding the Hotline to all of Defendant's employees. Defendant shall inform all employees that a complaint can be lodged at any time with the Hotline. All calls to the Hotline shall be tracked by Defendant during the term of the Decree, and the Consultant and Montior shall have access to all tracking records or call logs and documents related to the complaints.

8. Defendant's Human Resources at its California facilities shall have an open door policy, and shall be easily accessible to the employees. Human Resources representatives shall be available to receive complaints from the employees during normal business working hours with or without appointments.

9. The Consultant shall track all sexual harassment and related retaliation complaints filed under the internal complaint procedure and retain records regarding investigation and resolution of all such complaints, including but not limited to those complaints made through the Hotline. The Consultant shall also ensure that Defendant

distributes the internal complaint procedure as required by this Decree, including the Hotline, and shall monitor Defendant's investigation and resolution of any complaints made.

10. The Consultant will provide the EEOC with an assessment of Defendant's handling of investigations into complaints of sexual harassment and/or retaliation at its California facilities.

H. Finalizing and Distribution of Final Policy and Internal Complaint Procedure

1. Within one hundred and twenty (120) days after the Effective Date, Defendant shall provide the Commission with a copy of the above described Final Policy, including the revised internal complaint procedure decribed above in sub-section G.

2. Upon receipt, the EEOC shall have thirty (30) days to review and/or comment on the Final Policy.

3. If the EEOC does not provide comment within thirty (30) days of receiving the Final Policy, Defendant shall on an annual basis distribute the Final Policy, including the revised internal complaint procedure decribed above in sub-section G, to Defendant's employees in the U.S., including management, supervisory, team manager and human resources employees. Defendant shall request each employee who receives a copy of the Final Policy sign a form acknowledging reciept.

4. Throughout the term of this Decree, Defendant shall post the Final policy, including the revised internal complaint procedures decribed above in sub-section G, in a clearly visible location frequented by employees at Defendant's California facilities.

I. Training

1. Prior to the Effective Date, Defendant has provided harassment prevention training to its supervisory employees at the California (Fresno and Clovis) sites (the "2-Hour Training"), and one-hour harassment prevention training to its non-supervisory employees at the California sites (the "1-Hour Training").

2. Harassment Training. For the second year of this Decree, or in other words, beginning on the one-year anniversary of the Effective Date of this Decree, and

annually thereafter until the end of the Decree, Defendant's non-management employees at its California facilities, shall be required to attend a live training program of at least one hour regarding discrimination, sexual harassment, and related retaliation at Defendant's California facilities (the "Harassment Training"). The Harassment Training under this section shall include a review of federal sexual harassment prevention laws, employees' rights and responsibilities under Title VII and this Decree, and Defendant's Final policy and procedures for reporting and handling complaints of sexual harassment and related retaliation. Examples shall be given of the prohibited conduct to ensure understanding by the employees. All trainings shall be designed to effectively teach adult learners, and will be conducted or supervised by the Consultant. Defendant shall provide a total of three (3) live Harassment Trainings per year at each California facility. Employees who fail to attend live Harassment Training shall receive recorded or other on-line training that is approved by the Consultant.

3. <u>Management Training</u>. Starting in the second year of this Decree, and except as set forth in sub Sections 8 and 9 below, every managerial, supervisory, and team manager employees at Defendant's California facilities shall be required to attend a live harassment prevention training conducted of two (2) hours duration by the Consultant annually for the term of this Decree, according to the standards set forth in the EEOC's "Select Task Force on the Study of Harassment in the Workplace," in the section in that report entitled "Compliance Training for Middle-Management and First-Line Supervisors" (the "Management Training"). The Defendant shall work with the Monitor who shall review and provide feedback on the trainings to be conducted under this Decree. Any supervisory employee who fails to attend any scheduled training shall be trained within sixty (60) days of the live training set forth above, or within six (6) months after their promotion/hire date if they begin their employment as a supervisor after the training has occurred for that year. Defendant shall provide a total of three (3) live Management Trainings per year at each California facility. Employees who fail to attend shall receive recorded or other on-line training that is approved by the Monitor and Consultant.

4. All Management Trainings at the California facilities shall be conducted or supervised by the Consultant and shall include training on how to take preventive and corrective measures against sexual harassment and related retaliation; and how to recognize and stop such misconduct; and shall focus on effective responses and/or investigations and include role playing on how to handle scenarios and emphasize accountability of management.

5. ER Training. All of Defendant's Employee Relations employees responsible for conducting investigations of complaints of sexual harassment and related retaltion from employees at the California facilities shall receive a live advanced Employee Relations training ("ER Training") conducted or supervised by the Consultant on investigating complaints of discrimination, harassment, and retaliation; how to take preventative and corrective measures against discrimination, harassment, and retaliation; and how to recognize and stop harassment, discrimination, and retaliation; and shall focus on effective responses and/or investigations and include role playing on how to handle scenarios and emphasize accountability of management and human resource personnel. This ER Training can be presented in a live webinar. This ER Training shall occur annually for the term of this Decree. Employees who fail to attend live ER Training shall receive recorded or other on-line training that is approved by the Consultant.

6. Civility Training. In addition to the Harassment, Management, and ER Training set forth above, all of Defendant's employees at its California facilities, including managers, supervisors, team managers and human resource employees, shall be required to attend a live workplace civility training of at least one hour conducted or supervised by the Consultant (the "Civility Training"). The Civility Training shall incorporate ways to prevent harassment, including sexual harassment, stop bullying, bystander intervention, and have respect for diversity in the workplace. This Civility Training may be provided immediately after the Harassment Training and Management Training. Defendant shall provide three (3) live sessions of Civility Training under this Decree at each facility, and provide a recorded session of the live training for employees who failed to attend the live training, or an on-line

program that is approved by the Consultant. This Civility Training shall be conducted before the first anniversary date of the Effective Date of this Decree and annualy thereafter.

7.  Defendant shall begin the training by showing a short video from a senior executive who explains that harassment prevention, civility, and maintaining a respectful workplace are a high priority of the Company, and that the training is a serious part of the harassment prevention policy.

8.  Within six (6) months of the date of hire, for the remainder of the term of this Decree, every new, non-managerial employee in the California facilities shall receive the Harassment Training and Civility Training. If they are not able to attend the live training, then recorded training of the live training will satisfy this requirement, or other on-line training approved by the Consultant.

9.  Within six (6) months of a new management level employee's date of hire, or date of promotion to a management level position, every new manager in the California facilites shall attend Management Training. If they are not able to attend the live training, then recorded training of the live training or other on-line program that is approved by the Consultant will satisfy this requirement.

10. Any employee required to attend any training under this Decree shall verify his or her attendance at each training either in writing or by electronic means.

11. Within thirty (30) days after the Effective Date, Defendant shall submit to the Monitor the trainings to be provided and an outline of the training curriculum. The training shall be submitted to the Monitor who shall provide feedback prior to the delivery of the trainings.

12. Defendant shall give the EEOC a minimum of thirty (30) days advance written notice of the date, time and location of each live training provided pursuant to this Decree, and provide the EEOC with the training materials. An EEOC representative may attend any such training, at the sole discretion of the EEOC. The Montior shall be informed of the trainings and can attend the trainings to assess the effectiveness of the trainings.

J.   Performance Evaluations for EEO Compliance

1.   Defendant shall implement its performance evaluations for managers, supervisors, team managers, and human resource personnel at the California facilities. The performance evaluation shall include a factor on each person's compliance with Defendant's harassment prevention and prohibition on retaliation policy. If a supervisor or manager receives notice of behavior that violates Defendant's harassment prevention or prohibition on retaliation policy, and takes no action to end it or report it, that failure will be a consideration in the evaluation.

2.   Defendant shall implement a bonus/award/recognition for its California facilities for management reporting discrimination, harassment, and/or retaliation or responding appropriately to complaints of discrimination, harassment, and/or retaliation.

3.   Defendant shall report to the EEOC in the annual report as set forth below if it held managers accountable, or rewarded them, as described in this Section J.

K.   Deputy General Counsel/Employment and Diversity & Inclusion Officer

Defendant agrees to hire a Deputy General Counsel/Employment and Diversity & Inclusion Officer (DGCE-DIO) who will lead Defendant's employment law function, workforce compliance strategy, and diversity & inclusion (D&I) program, collaborating with leaders across the company to create and deliver initiatives designed to foster a culture of compliance, diversity, and inclusion, while mitigating risk and supporting the organization's business objectives. The DGCE-DIO will also design and lead Defendant's diversity and inclusion program without limitation: Cultivating a work environment which embraces diversity and inclusion including programs which promote sexual harassment and retaliation prevention. The DGCE-DIO will report to a member of the Executive Leadership Team. The Monitor and Consultant shall work with the Deputy General Counsel and the Chief Legal Officer.

XI.   **RECORD-KEEPING**

Defendant shall work with the Consultant to establish a record-keeping procedure that

provides for the centralized tracking of sexual harassment and related retaliation complaints and the monitoring of such complaints to prevent retaliation in the United States. The records to be maintained shall include:

A.    all non-privileged documents generated in connection with any complaint of sexual harassment and related retaliation, including documents relating to all investigations or resolutions of any complaints and the identities of all witnesses identified by the complainant and/or through Defendant's investigation;

B.    all returned forms acknowledging employees' receipt of Defendant's revised anti-discrimination, anti-harassment and anti-retaliation policy;

C.    all documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

D.    all documents generated in connection with the monitoring, counseling and disciplining of employees whom Defendant determined to have engaged in behavior that violates the Company's sexual harassment prevention policy;

E.    all documents generated in connection with Defendant's confidential follow-up inquiries into whether any complainant believes he or she has been retaliated against; and

F.    all documents generated in connection with the establishment or review of performance evaluation measures for team managers, supervisors and managers; and if it held managers accountable for not reporting complaints of sexual harassment and/or retaliation, and also for rewarding those managers who did report correctly as part of its reporting process.

Defendant shall make the aforementioned records of its California facilities available to the EEOC within ten (10) business days following a written request by the EEOC.

In the event that the Monitor or Consultant raises concerns about potential non-compliance of the Decree, the EEOC may request documents or information, including interviews of witnesses, that the EEOC determines is necessary to conduct an inquiry into the specific compliance issue. Defendant shall make the requested information or documents available to the Monitor and the EEOC. Defendant shall cooperate with the Monitor and

Consultant to ensure access to information to carry out their duties under this Decree.

## XII. REPORTING

In addition to the notice and reporting requirements set forth specifically above, Defendant shall provide the following reports to the EEOC in writing by mail or e-mail:

A.     Within one hundred and twenty (120)  days after the Effective Date, Defendant shall submit to EEOC an initial report containing:

1.     a copy of the Final anti-discrimination, anti-harassment and anti-retaliation policy, including a description of the Company's internal complaint procedure provided by the policy;

2.     a summary of the procedures and record-keeping methods developed with the Consultant for centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints;

3.     a statement confirming that a review of the prior complaints of sexual harassment and/or retaliation as identified in *supra* section X(D)(9) has been completed and a summary of any changes to Defendant's policy and/or procedures to address issues, if any that were identified through the review; and

4.     a statement confirming that the required notices pertaining to this Decree and the Final Policy have been posted;

5.     a statement confirming all training as of the initial report date has been completed;

6.     a statement confirming that Defendant has complied with Section IX. "Claimant Specific Injunctive Relief;" and

7.     a statement confirming whether it held managers accountable for not reporting complaints of sexual harassment and/or retaliation, and also for rewarding those managers who did report correctly as part of its reporting process.

B.     Defendant shall also provide the following reports to the EEOC annually throughout the term of this Decree for Defendant's California facilities:

1.    complete employee list, including start date and job title;

2.    complete attendance lists for all training sessions required under this Decree that took place during the previous six months;

3.    a description of all sex harassment and related retaliation complaints arising out of Defendant's California facilities that were made, investigated or resolved in the previous 12-months, including the names of the complainants; the nature of the complaint; the names of the alleged perpetrators of discrimination, harassment or retaliation; the dates of the alleged harassment or retaliation; a brief summary of how each complaint was resolved; and the identity of each of Defendant employee(s) who investigated or resolved each complaint and the identity for each witness identified by the complainant and/or investigation;

4.    a review of the monitoring done when more than one complaint is filed by or against a particular employee, as well as any investigation or resolution; and

5.    a report on the results of the California audits conducted what was observed, who was interviewed, and what course of action, if any, were taken, and an assessment of how effectively the Defendant is addressing any issues related to harassment and retaliation;

6.    Defendant shall provide to the Claims Administrator and to the EEOC a written report (the "Reinstatment Log") (a) identifying any potential candidate who is not a Reinstatement Candidate – with an explanation of Defendant's rationale for making that determination, and (b) identifying each Reinstatement Candidate and stating the terms and conditions of the conditional offer of reinstatement that Defendant intends to convey to each Reinstatement Candidate –with an explanation of Defendant's rationale for determining the terms and conditions of the conditional offer of reinstatement. This section is not intended to duplicate what is set forth in the Reinstaement provision.

C.    Defendant shall also report to the EEOC any planned changes to the Final Policy, procedures or record-keeping methods for complaints, at least thirty (30) days prior to implementing such changes.

## XIII. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XIV. COSTS AND ATTORNEYS' FEES

Each Party shall bear its own costs of suit and attorneys' fees.

## XV. MISCELLANEOUS PROVISIONS

A. During the term of this Decree, Defendant shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of Defendant's California facilities, or any other material change in corporate structure that would affect Defendant's California facilities, and shall simultaneously inform the EEOC of same.

B. During the term of this Decree, Defendant and its successors shall ensure that each of its directors, officers, human resource personnel, managers, supervisors and team managers are aware of any term(s) of this Decree which may be related to his/her job duties.

C. Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

D. The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

## XVI. COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: _____, 2018        By:    _____
                                            Anna Y. Park, Regional Attorney
                                            Attorney for Plaintiff EEOC

Dated: _____, 2018        By:    _____
                                            Michael J. Nader
                                            Attorney for Alorica, Inc.

Dated: _____, 2018        By:    _____
                                            Tania King
                                            Chief Legal Officer
                                            Alorica, Inc.

**ORDER**

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

The Clerk of Court is directed to CLOSE THIS CASE.

The Court hereby retains jurisdiction over this Consent Decree until the its termination, as determined by this Court.

IT IS SO ORDERED.

Dated:   **July 30, 2018**                     **/s/ Lawrence J. O'Neill**
                                    UNITED STATES CHIEF DISTRICT JUDGE